UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| WILMA JONES, BARBARA LONG, THOMAS LONG, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | 2:16-CV-00013-JRG |
| vs. | ) ) ) | |
| PROFESSIONAL ACCOUNT SERVICES, INC., MICHAEL I MOSSMAN, HOSPITAL OF MORRISTOWN, INC., | ) ) ) ) ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to 28 U.S.C. § 636. Defendant Michael Mossman ("Mossman") has moved to strike the Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 15(a)(1) and 12(f). [Doc. 24]. Plaintiffs responded in opposition, arguing that they were entitled to amend their complaint as a matter of right under Rule 15(a)(1), or in the alternative, requests that the Court grant them leave to amend under Rule 15(a)(2). [Doc. 25]. The motion is now ripe for review.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Subsection (a)(1), entitled "Amendments Before Trial," provides:

[a] party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

1

Fed. R. Civ. P. 15(a)(1). The 2009 Amendment Advisory Committee Notes instruct that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." *Id.* Courts have interpreted these comments "to mean that the right to amend once as of right applies only to initial, not amended pleadings." *Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *1-2 (M.D. Tenn. Mar. 19, 2012) (citing *Kuria v. Palisades Acquisition, XVI, LLC,* 752 F. Supp. 2d 1293, 1297 (N.D. Ga. 2010)). Rule 15(a)(2) then provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are "afforded great deference" in determining whether to allow an amendment. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 448 (6th Cir. 2010).

This discretion, however, is somewhat limited. The Sixth Circuit has explained that "once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider an amendment is proper." *Leary v. Daechner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements. Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Federal Rule of Civil Procedure 12(f) states that

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading.

2

Case 2:16-cv-00013-JRG-MCLC   Document 29   Filed 10/06/16   Page 2 of 5   PageID #: 466

The Sixth Circuit has advised that "'because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted only when required for the purposes of justice.'" *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *2 (E.D. Tenn. Jan. 5, 2011) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821-22 (6th Cir. 1953)). Courts have consistently held "that motions to strike are disfavored and should be granted only when 'the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading through the proceeding will be prejudicial to the moving party.'" *EEOC v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1390 p. 650 (2d ed. 1990)); *see Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 867 (N.D. Ohio 2009) (explaining that a court should grant motions to strike "only where the allegations are clearly immaterial to the controversy or prejudice the movant").

In the instant matter, both parties agree that any amendments to the complaint are governed by Rule 15, and that Mossman's answer constitutes a responsive pleading. [*See* Doc. 25, pg. 4 ("The plain language of this rule clearly states the Plaintiffs have 21 days after service of Mossman's Answer on them to amend their original complaint once a matter of course.")]. Mossman filed his Answer on February 19, 2016. [Doc. 10]. On June 13, 2016, Plaintiffs filed their amended complaint without leave of Court or the opposing parties' written consent. Plaintiffs assert that the extension of time granted to Defendants Lakeway and PASI to respond to the complaint following the motion to consolidate automatically extended their 21-day period under Rule 15 to amend as a matter of course. A straight forward reading of the Rule, particularly combined with the 2009 Advisory Committee's Notes, does not support the Plaintiffs' contention.

3

The Notes specifically state that the 21-day periods to amend as a matter of course "are not cumulative," and provide the following example: "[i]f a responsive pleading is served after one of the designation motions is served . . . there is no new 21-day period." Fed. R. Civ. P. 15 advisory committee notes. Neither the Rule nor any controlling precedent indicate that an extension of time granted to another party impacts the 21-day period established by Rule 15; indeed, the Notes and the Rule itself explain this time period is not affected by the filing of other pleadings or motions. Accordingly, the Plaintiffs' were not entitled to amend their complaint as a matter of course when they filed it in June.

Rule 15(a)(2), however, instructs that the court should freely give leave to a party to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The aforementioned constraint of Rule 16 is not applicable here because the Plaintiffs attempted to introduce the amended complaint [Doc. 18] seven days before the Scheduling Order [Doc. 20] was entered, and thus they did not run afoul of the case management order's requirements. *See Inge*, 281 F.3d at 625. Furthermore, no issue of possible prejudice to Mossman seems to exist nor does he raise that as an issue; he focuses solely on the untimeliness of the filing. The proposed amended complaint alters the original minutely and does not modify the overall claims in the case but rather clarifies issues that will assist in its development.

Moreover, while Rule 12(f) is the proper method to challenge pleadings and their contents, "the action of striking a pleading should be used sparingly" as it is such a drastic remedy. *See Brown & Williamson Tobacco Corp*, 201 F.3d at 821. It is well-established that motions to strike are "disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the process will be prejudicial to the moving party." *FPM Grp., Ltd.*, 657

4

F. Supp. 2d at 965-66. Mossman does not claim that the amendments to the complaint are unrelated, "redundant, immaterial, impertinent, or scandalous," *see* Fed. R. Civ. P. 12(f), nor does he claim prejudice. As such, Mossman has not carried his burden to demonstrate that striking the amended complaint is appropriate.

Accordingly, the Court respectfully RECOMMENDS that Defendant's motion to strike [Doc. 24] be DENIED, and that the District Court GRANT the Plaintiffs leave to amend their complaint under Rule 15(a)(2) [1]

SO ORDERED:

s/Clifton Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).