UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILMA JONES, BARBARA LONG, and THOMAS LONG, on behalf of plaintiffs and the class defined herein,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPITAL OF MORRISTOWN, INC., d/b/a LAKEWAY REGIONAL HOSPITAL, PROFESSIONAL ACCOUNT SERVICES, INC., and MICHAEL I. MOSSMAN,<br><br>Defendants. | No. 2:16-CV-13-JRG-MCLC<br><br><u>Jury Trial Demanded</u> |

**PLAINTIFF'S MOTION TO ALTER OR AMEND PORTIONS OF MEMORANDUM OPINION AND ORDER (DOC. 35)**

Plaintiffs Wilma Jones (Jones), Barbara Long (Mrs. Long), and Thomas Long (Mr. Long) (collectively "Plaintiffs"), by and through their attorneys, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully moves this Court to alter or amend portions of its Order entered on November 7, 2016 **[Doc. 35]** (the "Order") to clarify:

1. That all claims have been adjudicated as to all the defendants, so that this action is ripe for appeal to the Sixth Circuit Court of Appeals to the extent it granted Defendants' Hospital of Morristown, Inc., d/b/a Lakeway Regional Hospital (Lakeway) and Professional Account Services, Inc.'s (PASI) (collectively "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint (FAC) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and dismissed with prejudice as to Lakeway and PASI: (a) Plaintiffs' state court claims requesting this

1

Court to set aside the void default judgments entered against Plaintiffs in state court and restitution for payments made pursuant to those judgments, and (b) Plaintiffs' Fair Debt Collection Practice Act (FDCPA) claims **[Doc. 35]**, after which the Clerk of the Court entered a Judgment which appears to dismiss Plaintiffs' claims against all defendants in this action **[Doc. 36]**, despite the language of Fed. R. Civ. P. 54(b) which states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. <u>Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.</u> (emphasis added)

2. That dismissal of the state court claims with prejudice after this Court found that the Rooker-Feldman doctrine deprived it of jurisdiction over those claims means that Plaintiffs are only prevented from recommencement of these same claims in this Court, not in state court.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully requests this Court to alter or amend its order to clarify these issues.

12/05/16                                    Respectfully submitted,

                                                **WILMA JONES**
                                                **BARBARA LONG**
                                                **THOMAS LONG**
                                                s/     Alan C. Lee
                                                Alan C. Lee, BPR # 012700
                                                P. O. Box 1357
                                                Talbott, TN 37877-1357
                                                (423) 581-0924
                                                aleeattorney@gmail.com

                                                Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify this 5th day of December 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Alan C. Lee<br>
Alan C. Lee, Attorney for Plaintiffs